## No. 55.

### BARBARA BEOPPLE VS. BOLIN P. GREEN.

The wife having obtained a judgment of separation of bed and board against the husband and a decree ordering the sale of the Community property for the purpose of a partition of the proceeds between them,—and the husband having enjoined the execution of the decree and failed in his injunction suit; *quære:* can the wife, *in the partition of said proceeds,* claim rent of the Community property enjoyed by the husband during the injunction, and her Counsel fees? *Held,* that she cannot and must prefer such claim on the injunction bond.

APPEAL from the Second Judicial District Court, parish of Webster. *Drew, J.*

*J. D. & J. T. Watkins* for Plaintiff and Appellant:

The use and hire of property and interest on money and damages to community property had, used and done by the husband exclusively during the wife's suit for divorce and, until final partition, should be allowed the wife in settlement of accounts in making the partition. H. D. 733, No. 3; R. C. C. 1349; 5 An. 561; 15 An. 350; 23 An. 351; 28 An. 362; R. C. C. 1350.

Improvements and rents to be settled in the partition. 4 An. 8; 1st N. S. 405; R. C. C. 1355, No. 4; 2 An. 88; H. D. 1099, No. 2; 14 An. 740-750; 15 An. 350; H. D. 1093, No. 1.

13 L. 279. Partnership in a boat was dissolved, the boat burned, the insurance money was settled in partition.

Story on Partnership, Sec. 349, note 3 and 329. The mutual charges compensate each other. 2 An. 412; 5 An. 208; 2 An. 87.

*C. E. McDonald* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J.   In a suit brought by Barbara Beopple against her husband, Bolin P. Green, judgment was rendered in her favor, separating her " *mensa et thoro* " from her husband, recognizing some real estate purchased by her husband in the name of a third person, as belonging to their community, and ordering a sale of all the community property for the purpose of effecting a partition of the same.

The execution of that judgment was enjoined by Green on the

ground of nullity of the judgment, and his injunction was finally dissolved by a decree of this Court, rendered in the case entitled Bolin P. Green vs. J. W. Reagan, sheriff, reported in 32 Annual, page 974. In that decree the right of Barbara Beopple to proceed against Green and his surety on the injunction bond, for all damages caused her by his illegal injunction was specially reserved.

Under the original judgment of the District Court, which thus became executory, a sale was then effected of all the community property, which according to an inventory made under the order of the Court, amounted to $1001 55, which is the amount to be distributed in this controversy.

After the sale the court ordered the partition of the proceeds of the community property to be made by the clerk in his capacity of notary public.

At the partition Barbara Beopple, through counsel, urged that Green should be charged, to credit of the community, with the following items :

For rent of the community land, occupied by himself pending the

litigation in 1879–80 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $500

For use and hire, during the same time, of community mules and

horses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 200

For the value of a mule and other movable property, inventoried,

but not produced at the sale . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 137

For costs of first advertisement of sale enjoined . . . . . . . . . . . . . . . . . . 3

      Amounting together to . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $840

One half of which was to be charged to her credit in partition,

say . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $420

And she urged that he should also be charged, to her credit, with all the costs, including attorney's fees, incurred in his injunction suit, amounting to $164 50, and which, added to $420, as her share in the community credits, swelled her claim up to $584 50.

The notary, contending that, under his mandate, his powers were confined to a partition of the proceeds of the community property, and did not extend to the settlement of claims and counter-claims of the parties, rejected plaintiff's claim, *in toto.* Subsequently, before the court, in opposing the motion of defendant to homologate the report or partition of the notary, plaintiff urged her claim, herein above detailed, and on trial the court homologated the report, after amending it so as to allow credit to the community for the value of the community movable property not produced at the sale by defendant, and also the item for advertisement of the sale enjoined.

From this judgment plaintiff has appealed.

Defendant also complains of the judgment appealed from in so far as it condemns him to account for the estimated value of movable property listed in the inventory and not produced by him on the day of sale, and for costs of advertising the sale enjoined, but as he has failed to appeal from the judgment or to pray by motion for an amendment, his complaint cannot be considered by this Court.

The proposition presented for our solution is, therefore : Whether, under the pleadings, presenting first, the issue of separation from bed and board, and secondly, the settlement and partition of the community property, the court could consider and pass upon the claims of the wife for rent of community lands, for the use and hire of community live stock which remained in the possession of the husband pending the litigation growing out of his injunction, and for the costs incurred in that suit.

The mere statement of the proposition carries with it a refutation of plaintiff's theory in maintaining the affirmative of the question.

The rights which she urges in her opposition do not grow out or form part of, and are not essentially connected with, the community assets, or the settlement and partition of the same. Those rights, if any she has, grow out of the injunction sued out by her husband, and of the delay which he thus illegally interposed, in the way of her recovery and enjoyment of her share in the community property, and of the expenses entailed upon her in the maintenance and for the execution of her judgment, and on the very rights which were contemplated in that part of our decree in the injunction suit, wherein we specially reserved her right to proceed against the principal and his surety on the injunction bond.

Until the sale of the community property was effected, and the indivision thus ended, the title to that property remained vested in the dissolved community, as undivided property in the joint possession of the two spouses, neither of whom could be charged for rent or hire, by reason of his occupancy, use or enjoyment of the same or any part thereof.

If, as charged by the wife, who became the purchaser of the community lands, she was deprived for two years of the enjoyment of her property, through the tortuous acts of her husband, and thus lost the rents of two years, which she fixes at five hundred dollars, and sustained other losses through his wrongful injunction, she has a cause of action against him on those grounds, but the damages which she may thus recover, and which are manifestly *in futuro*, could not possibly be included in the present assets of the community now under partition.

We have examined and carefully considered the numerous authorities cited and relied upon by plaintiff's counsel, in support of his position,

and we find that they are not applicable to the issue presented in this case,

In our opinion, these authorities go no further than to establish and re-affirm that well known rule of our jurisprudence, which requires that, in all partitions, whether of successions or of other undivided ownership, each party must first collate, or account for, to the mass, all debts which he may owe, resulting either from contract or for receipts in excess of other co-owners or co-heirs, or for damage or injury done by his fault to the property held in indivision.

In this case, the rights urged by plaintiff grow out of alleged torts of her husband, through which she was hindered and delayed from sooner effecting a sale of the community property, and from the immediate enjoyment of her purchases at such sale. These rights are personal to herself, and must be enforced in a direct and distinct action ; and the District Judge correctly excluded them from this case.

We find no error in the judgment appealed from, and it is, therefore, affirmed at appellant's costs.